UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LISA GEPFORD,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant. | Case No. 1:11-cv-00623-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

This action is before the Court on Petitioner Lisa Gepford's Petition for Review (Dkt. 1), seeking reversal of the Social Security Administration's final decision to deny disability benefits.   After carefully reviewing the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order denying Gepford's Petition for Review.

## ADMINISTRATIVE PROCEEDINGS

On June 17, 2009, Lisa Gepford ("Petitioner" or "claimant") protectively filed a Title II application for Social Security Disability Insurance Benefits, and a Title XVI application for supplemental security income.  (AR 10-21). Petitioner alleges a disability onset date of November 28, 2005.  (Id.).  Administrative Law Judge ("ALJ") Kurt

Schuman conducted a hearing on this matter in Boise, Idaho, on April 8, 2011.  (Id.) At the hearing, Petitioner was represented by attorney Jacob Berhardt. (Id.) Petitioner's husband, John Gepford, and an impartial vocational expert, Anne F. Austin, also appeared and testified.  (Id.)

At the time of the hearing, Petitioner was 51 years old, 5'3" and weighed about 125 pounds.  (AR 200).  At the hearing, Petitioner testified that she has a 9th grade education, with past relevant work experience as a food service worker, and as a commercial/institutional cleaner.  (AR 19)  Petitioner stated that she lives at her home in Boise, Idaho, with her husband and 6-year old grandson.

Petitioner claims disability stemming from a back injury she sustained in April 2006 while using a back-pack-style vacuum cleaner.   Petitioner complains of the following disabilities: degenerative disc disease of the cervical spine, left shoulder pain secondary to type II acromion and AC arthritis, complex regional pain syndrome in the left upper extremity, allergic rhinitis, emphysema, chronic obstructive pulmonary disease, asthma, cervicogenic headaches, and left arm neuritis.  (*Petitioner's Brief*, Dkt. 13 at 2).

On May 31, 2011, the ALJ issued his decision denying Petitioner's claim for disability.  (AR 10-21).  Petitioner timely requested review by the Appeals Council, which ultimately upheld the determination of the ALJ on October 21, 2011, making that denial the final determination of the Commissioner. (AR 1-6). In denying her claim, the Commissioner determined that Petitioner was not disabled within the meaning of the Social Security Act.

## DISCUSSION

### A.    Standard of Review

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g).  In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving

conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.  *See id.*  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether the finding is based on an application of proper legal standards.  Specifically, Petitioner contends that the ALJ did not properly support his finding that Petitioner's subjective pain testimony was not entirely credible.

**B.     Administrative Procedure**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20

C.F.R. §§ 404.1520, 416.920) - or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) - within the meaning of the Social Security Act.

### 1.      Five-Step Sequential Process

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA").  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  SGA is defined as work activity that is both substantial and gainful.  "Substantial work activity" is work activity that involves doing significant physical or mental activities.  20 C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized.  20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe her physical/mental impairments are and regardless of her age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant is not engaged in SGA, the analysis proceeds to the second step.  Here, the ALJ found that Petitioner had not engaged in SGA since April 15, 2006, the alleged onset date.  (AR 12).  Petitioner does not dispute this finding.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight

abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At this step, the ALJ found that Petitioner had the following severe impairments: degenerative disc disease of the cervical spine; left shoulder pain secondary to type II acromion and AC arthritis; complex regional pain syndrome; allergic rhinitis; emphysema; and chronic obstructive pulmonary disease.  (AR 12).  Petitioner does not dispute this finding by the ALJ.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four.  *Id.*

Here, the ALJ concluded that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments…."  (AR 13).  While Petitioner does not directly challenge this determination, she does argue that her own testimony concerning the severity of her impairments was improperly rejected by the ALJ.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC represents their ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. Likewise, an individual's past relevant work is work performed within the last 15 years or 15 years prior to the date that disability must be established; also, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

The ALJ determined here that the Petitioner does not have the residual functional capacity to perform any past relevant work. (AR 19). Rather, he found that Petitioner had an RFC to perform a light work as defined in 20 CFR 404.1567(b) and 416.967(b) [with certain limitations]." (AR 14). Thus, Petitioner's claim could not be resolved at step four, and the ALJ's evaluation proceeded to the fifth and final step of the process. *See* 20 C.F.R. § 404.1520(e) (AR 20–27).

When the claim reaches step five, the ALJ considers if the claimant is able to do any other work. 20 C.F.R. § 404.1520(f)(1). On the fifth step, the burden shifts to the ALJ. *Id.* If the ALJ finds that claimant cannot work, then the claimant is "disabled" and entitled to disability insurance benefits. *Id.* However, if the ALJ determines that the claimant can work, the ALJ must also establish that there are a significant number of jobs in the national economy that claimant can do in his or her condition. *Id.* "If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore

entitled to disability benefits." *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). The ALJ can meet this burden two ways. *Id.* First, the ALJ can solicit the testimony of a vocational expert, or second, the ALJ can reference the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. *Id.*

Based upon the testimony of the vocational expert ("VE"), the ALJ concluded that, "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (AR 19). Specifically, after referencing Petitioner's limited ability to perform the full range of light work, the ALJ determined that Petitioner is able to perform the requirements of representative occupations such as parking lot attendant, with 136,000 jobs in the national economy; ticket taker, with 75,000 jobs in the national economy; or Cashier II, with 900,000 jobs in the national economy. (AR 20). The ALJ based this determination on the testimony of a VE. (*Id.*).

## B.    Analysis

After describing in some detail Petitioner's medical history and the findings in the medical record, the ALJ found that her testimony regarding the severity of her impairments was inconsistent with the objective medical findings in the record and the level of treatment that she received. In making his RFC determination, the ALJ addressed Petitioner's credibility in the following way:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these

symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(AR 15). Petitioner now seeks judicial review of the denial of benefits, arguing that the ALJ erred by failing to properly support this negative credibility assessment. Specifically, she argues that the ALJ improperly discounted her subjective pain testimony without giving specific reasons why he found her to be not entirely credible. She points to authority, from the Seventh Circuit Court of Appeals, which classifies such language as "meaningless boilerplate." (*Petitioner's Brief*, Dkt. 13 at 11 (citing *Bjornson v. Astrue*, __ F.3d __ (7th Cir. 2012)). Petitioner argues that this amounts to reversible error.

In response, the government argues that the ALJ's determination is supported by substantial evidence in the record. (*Respondent's Brief*, Dkt. 14). Respondent argues that language in question is not meaningless boilerplate, but rather a conveyance of the general concept that less than credible statements by Petitioner were excluded from the ALJ's RFC assessment. *Id.* Respondent contends further that the ALJ properly reviewed, evaluated, and discounted testimony, providing clear and convincing reasons. Thus, Respondent asserts that the ALJ properly weighed all of the medical evidence and considered all of Petitioner's limitations. Respondent thus concludes that the final determination of the Commissioner should be upheld.

### 1. Subjective Pain Testimony

Absent evidence showing that a claimant is malingering, an ALJ must set forth "clear and convincing" reasons for rejecting pain testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). "If an ALJ finds that a claimant's

testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive." *Id.*

Here, the ALJ acknowledged that Petitioner reported pain but noted that there were inconsistencies between her reported pain and the medical records.  *See Thomas v. Barnhart,* 278 F.3d 947, 958–959 (9th Cir. 2002) ("The ALJ may consider ... inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct....")  The ALJ noted inconsistencies between her alleged pain and activities of daily living (AR 15 - 17), that her disc protrusion "was noted to be of 'highly questionable significance,'" (AR 15), and that when being tested, one doctor stated that Petitioner's "effort was somewhat questionable."  (*Id.*). The ALJ also explains that Petitioner's medical records show that her breathing-related disabilities are modest and under good control.  (AR 16).  Finally, the ALJ noted that he factored in "the claimant's generally unpersuasive appearance and demeanor while testifying at the hearing," concluding that "the record as a whole does not support the claimant's claim that she would be unable to work on a regular and continuing basis."  (AR 17).

The reasons cited by the ALJ provide clear and convincing evidence for the ALJ's adverse credibility determination. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir.2001). Coupled with the lack of objective medical evidence, the inconsistencies between

Petitioner's medical and treatment history and the severity of symptoms that she described are legally sufficient to support a negative credibility determination.

**C.      Conclusion**

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards. Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching his decision and the Commissioner's decision is upheld.

**ORDER**

Based on the foregoing, the decision of the Commissioner is affirmed and this action is dismissed in its entirety with prejudice.

DATED: February 27, 2013

Honorable Larry M. Boyle
U. S. Magistrate Judge